UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 13-22803-CIV-MOORE
(96-67-CR-MOORE)
MAGISTRATE JUDGE P.A. WHITE

RODRIGO BUITRAGO,              :

    Movant,                    :         <u>REPORT OF</u>
                                         <u>MAGISTRATE JUDGE</u>
v.                             :

UNITED STATES OF AMERICA,      :

    Respondent.                :
_____

    The <u>pro-se</u> movant, Rodrigo Buitrago, filed a motion for relief of judgment on June 14, 2013, pursuant to <u>Fed.R.Civ.P.</u> 60(b), attacking his criminal conviction in case no. 96-67-cr-Moore. The motion was filed in the movant's criminal case (CR DE#355) and referred to the Undersigned Magistrate Judge on July 9, 2013. The motion was opened as a motion to vacate case on August 2, 2013. No Order to Show Cause was issued.

    Federal Rule Civil Procedure 60(b) provides in sum the following six bases for relief: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; or (6) any other reason justifying relief from the operation of the judgment. The movant fails to establish relief pursuant to the Rule.

The movant is attempting to avoid the procedural bar against filing a successive motion by claiming that the Court should have applied U.S.S.G. Amendment 599, when considering his sentence.

The movant filed a prior motion to vacate, assigned Case no. 01-2009-Civ-Moore, attacking his conviction, and seeking the application of Amendment 599. A Report was entered recommending that the motion to vacate be denied, and deferring the issue of the application of Amendment 599 to the United States District Judge. On March 27, 2002, United States District Judge K. Michael Moore adopted the Report and Recommendation, and denied the application of Amendment 599. The Appeal was dismissed for lack of prosecution on July 1, 2002.

On June 11, 2013, the movant filed a motion for relief from judgment pursuant to Rule 60(b), again seeking the application of Amendment 599.

This motion, filed eleven years following the denial of the movant's motion to vacate, is successive and out of time. Further, it does not support an attack on the integrity of the Court, but merely raises claims previously raised and denied. The motion for Rule 60(b) fails.

Although cloaked as a Rule 60(b) motion, this pleading is clearly raising an issue previously raised in Buitrago's motion to vacate, and ruled upon. This is a successive motion to vacate pursuant to 28 U.S.C. §2255.[1] On April 24, 1996, the habeas corpus

---

[1] A petitioner's Rule 60(b) motion to reopen the judgment can be regarded as a second or successive application for purposes of Antiterrorism and Effective Death Penalty Act. (AEDPA). See: Gonzalez v Crosby, 545 U.S. 524 (2005); Gilbert v United States, 640 F.3d 1293, 1323 (11 Cir. 2011)(Ruling in Gonzalez related to habeas petitions applies to 2255 motions).

statutes were amended.  Included in the new amendments is a change in 28 U.S.C. §2244, which now reads as follows:

>       (a) No circuit or district judge shall be required to entertain an application for a writ of habeas corpus to inquire into the detention of a person pursuant to a judgment of a court of the United States if it appears that the legality of such detention has been determined by a judge or court of the United States on a prior application for a writ of habeas corpus except as provided in section 2255.
>
> \*   \*   \*
>
>       (b)(3)(A) <u>Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application</u>.
>       (B) A motion in the court of appeals for an order authorizing the district court to consider a second or successive application shall be determined by a three-judge panel of the court of appeals.
>       (C) The court of appeals may authorize the filing of a second or successive application only if it determines that the application makes a prima facie showing that the application satisfies the requirements of this subsection.
>       (D) The court of appeals shall grant or deny the authorization to file a second or successive application not later than 30 days after the filing of the motion.
>       (E) The grant or denial of an authorization by a court of appeals to file a second or successive application shall not be appealable and shall not be the subject of a petition for rehearing or for a writ of certiorari.
>       (4) A district court shall dismiss any claim presented in a second or successive application that the court of appeals has

>    authorized to be filed unless the applicant
>    shows that the claim satisfies the
>    requirements of this section.
>
>              *   *   *

(Emphasis added.)

On the same day, April 24, 1996, 28 U.S.C. §2255 was amended in relevant part to provide the following:

>    A second or successive motion must be
>    certified as provided in section 2244 by a
>    panel of the appropriate court of appeals to
>    contain--
>     (1) newly discovered evidence that, if proven
>    and viewed in light of the evidence as a
>    whole, would be sufficient to establish by
>    clear and convincing evidence that no
>    reasonable factfinder would have found the
>    movant guilty of the offense; or
>     (2) a new rule of constitutional law, made
>    retroactive to cases on collateral review by
>    the Supreme Court, that was previously
>    unavailable.

If the movant intends to pursue this case, he should forthwith apply to the United States Eleventh Circuit Court of Appeals for the authorization required by 28 U.S.C. §2244(b)(3)(A).

It is therefore recommended that this motion filed pursuant to Rule 60(b), in legal effect a motion to vacate, be dismissed as successive.

Objections to this report may be filed with the District Judge within fourteen days of receipt of a copy of the report.

Dated this 26th day of August, 2013.

_____
UNITED STATES MAGISTRATE JUDGE

cc: Rodrigo Buitrago, <u>Pro Se</u>
    Reg#19886-018
    FCI-Jesup
    Address of record

    Attorney of record